**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 3, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Fredrick C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-908-CDA

Dear Counsel:

On April 4, 2023, Plaintiff Fredrick C. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the following reasons, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on December 28, 2018, alleging a disability onset of June 9, 2018. Tr. 12, 223–26. Plaintiff's claim was denied initially and on reconsideration. Tr. 105–08, 117–23. On December 6, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32–71. On March 17, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 9–31. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 4, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Fredrick C. v. O'Malley*
Civil No. 23-908-CDA
May 3, 2024
Page 2

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability.  Tr. 14.  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: alcoholic liver disease, cirrhosis, mild gait ataxia/ataxia, peripheral neuropathy, chronic pain syndrome, osteoarthritis, hypertension, panic disorder, adjustment disorder, and neurocognitive disorder.  *Id.*  The ALJ also determined that Plaintiff suffered from the following non-severe impairments: gastroesophageal reflux disease, hyperlipidemia, hypothyroidism, insomnia, erectile dysfunction, hypertensive retinopathy, encephalopathy, sepsis, respiratory failure, pancreatitis, healthcare-associated pneumonia with Escherichia coli, clostridium difficile colitis, and transverse colon perforation, status/post repair. Tr. 15.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except [with] the following limitations: can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to extreme cold and extreme heat; must avoid all exposure to any hazards, such as dangerous moving machinery and unprotected heights; can do no commercial driving; capable of simple, routine, and repetitive tasks, in a low stress job, defined as having only occasional decision making required, occasional changes in the work setting, and no fast-paced production requirements, such as fast-paced assembly line work or high volume piecemeal quotas; and capable of standing and/or walking no more than 4 hours in a 8-hour day.

Tr. 18.  The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 24–25.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 26.

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the

ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

## IV.  ANALYSIS

Plaintiff argues that: (1) the ALJ "erred at step-three of the sequential evaluation process by failing to evaluate whether Plaintiff's impairments met or equaled 20 C.F.R. Part 404, Subpart P, App. 1, § 5.05" and (2) the RFC was not supported by substantial evidence. ECF 11, at 7–27. Defendant counters that the ALJ conducted an adequate analysis at step three and supported the RFC with substantial evidence. ECF 14, at 5–15. For the reasons explained below, the Court finds Plaintiff's first argument dispositive.

The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 404.1525(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a "Listing"). 20 C.F.R. § 404.1520(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.* Relevant to this case, Listing 5.05 pertains to chronic liver disease. 20 C.F.R. pt. 404, subpt. P, app. 1 § 5.05. To show that an impairment meets or equals Listing 5.05, a claimant must satisfy the criteria set forth in any of seven sections ("Paragraphs") in Listing 5.05. *See id.*

The Court finds the ALJ's impairment analysis erroneous. After determining that Plaintiff suffered from severe "alcoholic liver disease" and "cirrhosis," Tr. 14, the ALJ considered whether Plaintiff's impairments met or equaled Listing 5.05, Tr. 15. In doing so, the ALJ made the following observation:

> [W]hile there is evidence of hepatic encephalopathy, there is no evidence of hepatopulmonary syndrome as with: (1. arterial oxygenation (PaO2) on room air of: a. 60 mm Hg or less, at test sites less than 3000 feet above sea level, or b. 55 mm Hg or less, at test sites from 3000 to 6000 feet, or c. 50 mm Hg or less, at test sites above 6000 feet; or (2. documentation of intrapulmonary arteriovenous shunting by contrast-enhanced echocardiography or macroaggregated albumin lung perfusion scan.

*Id.* The ALJ did not connect these observations to a specific Paragraph of Listing 5.05. However, Listing 5.05's fifth Paragraph ("Paragraph E") requires, among other things, a showing of

"[h]epatopulmonary syndrome[.]"  20 C.F.R. pt. 404, subpt. P, app. 1 § 5.05E.  Additionally, Listing 5.05's sixth Paragraph ("Paragraph F") requires, among other things, a showing of "[h]epatic encephalopathy . . . with documentation of abnormal behavior, cognitive dysfunction, changes in mental status, or altered state of consciousness . . . present on two evaluations within a consecutive 12-month period and at least 60 days apart[.]"  *Id.* § 5.05F.

By stating that hepatopulmonary syndrome was not recorded in the record, the ALJ eliminated Paragraph E as a means of satisfying Listing 5.05.  Tr. 15.  But the ALJ also alluded to "evidence of hepatic encephalopathy"—a criterion relevant to a separate Paragraph of Listing 5.05—in the same sentence.  *Id*.  The ALJ did not explain at any point in the decision whether Plaintiff's hepatic encephalopathy was consistent with the criteria set forth at Paragraph F.

This omission constitutes error.  When an ALJ does not "compare[] each of the listed criteria to the evidence" after identifying a relevant Listing, "it is simply impossible to tell whether there was substantial evidence to support the [ALJ's] determination."  *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  While the medical record may ultimately support the ALJ's step-three conclusion, the ALJ must make this determination in the first instance.  *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).  Because the ALJ's failure of explanation precludes the Court from determining whether substantial evidence supported their step-three determination, remand is warranted.  On remand, the ALJ should "specific[ally] appl[y]" Listing 5.05's criteria to the evidence and explain why the evidence does or does not support a finding that the Listing is met or equaled.  *Id.* at 295.  As the case is being remanded on this basis, the Court need not address Plaintiff's other arguments.  The ALJ is welcome to consider those arguments and, if necessary, to adjust their decision accordingly.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge